UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 1:26-CR- 26 - MR- WCM |
| v. | BILL OF INDICTMENT |
| (1) LATEEK KAHMAL TAYLOR a/k/a "Tray" (2) DONTA DEWAYNE HARRIS a/k/a "Johnny Mathis" | Violations: 18 U.S.C. §§ 1168 and 2 18 U.S.C. § 1343 18 U.S.C. §§ 1956 and 2 |

## THE GRAND JURY CHARGES:

### COUNT ONE

From on or about July 18, 2024, to on or about August 31, 2024, in Cherokee County within the Western District of North Carolina, the defendants

**(1) LATEEK KAHMAL TAYLOR, a/k/a "Tray"**
**(2) DONTA DEWAYNE HARRIS, a/k/a "Johnny Mathis"**

aiding and abetting each other, and others known and unknown to the Grand Jury, embezzled, purloined, willfully misapplied, and took and carried away with intent to steal, money and property in excess of $1,000.00 belonging to Harrah's Cherokee Valley River Casino, an Indian gaming establishment operated by and for the Eastern Band of Cherokee Indians pursuant to an ordinance and resolution approved by the National Indian Gaming Commission, while **TAYLOR** was an employee of the gaming establishment.

All in violation of Title 18, United States Code, Sections 1168(b) and 2.

## <u>COUNT TWO</u>

From on or about July 18, 2024, to on or about August 31, 2024, in Cherokee County within the Western District of North Carolina, the defendants

**(1) LATEEK KAHMAL TAYLOR, a/k/a "Tray"**
**(2) DONTA DEWAYNE HARRIS, a/k/a "Johnny Mathis"**

with the intent to defraud, knowingly and intentionally devised a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce any writing, signal, picture, and sound, to-wit: wire communications between cellular telephones.

All in violation of Title 18, United States Code, Section 1343.

2

## <u>COUNT THREE</u>

From on or about July 18, 2024, to on or about August 31, 2024, in Cherokee County within the Western District of North Carolina, the defendants

**(1) LATEEK KAHMAL TAYLOR, a/k/a "Tray"**
**(2) DONTA DEWAYNE HARRIS, a/k/a "Johnny Mathis"**

aiding and abetting each other, and others known and unknown to the Grand Jury, knowingly conducted and attempted to conduct a financial transaction involving the use of a financial institution which is engaged in, and the activities of which affect, interstate and foreign commerce in any way or degree, to wit: redemption of Ticket-in, Ticket-out vouchers at Harrah's Cherokee Valley River Casino, which involved the proceeds of a specified unlawful activity, that is wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), (ii) and 2.

3

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

1. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment;
2. All property involved in such violations or traceable to property involved in such violations; and
3. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above: A forfeiture money judgment in the amount of at least $131,858.36, such amount constituting the proceeds of the violations set forth in this Bill of Indictment.

A TRUE BILL:

RUSS FERGUSON
UNITED STATES ATTORNEY

Alex M. Scott
Assistant United States Attorney

4